James C. Fitzpatrick
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| BROADCAST MUSIC, INC., | Related to *United States v. Broadcast Music, Inc.*, 64 Civ. 3787 (LLS) |
| Petitioner, | |
| | 16 Civ. _____ (LLS) |
| -against- | |
| LIBERMAN BROADCASTING, INC., | **PETITION FOR DETERMINATION OF FINAL LICENSE FEES** |
| Respondent. | |

- - - - - - - - - - - - - - - - - - - - - - - - X

       Petitioner Broadcast Music, Inc. ("BMI"), by its attorneys, Hughes Hubbard & Reed LLP, for its petition states as follows:

       1.     BMI seeks an order from the Court, pursuant to Article XIV(A) of the BMI Consent Decree, setting final license fees covering public performances of BMI-licensed music by radio stations owned by Liberman Broadcasting, Inc. ("Liberman" or "Applicant") in their free over-the-air broadcast transmissions (both analog and digital) and in certain Internet transmissions originating in the United States, its commonwealths, territories and possessions, for the period from January 1, 2007 until December 31, 2009 (the "License Term").

       2.     Pursuant to the Order of Judge Stanton dated April 25, 2001 in *United States v. Broadcast Music, Inc.*, 64 Civ. 3787, BMI brings this proceeding by separate petition, and notes that this proceeding is related to 64 Civ. 3787.

## The Parties

3.     BMI is a music performing right licensing organization founded in 1939, with its headquarters at 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI is a New York corporation that operates on a non-profit-making basis, licensing the public performing right in more than 8.5 million copyrighted musical works on behalf of more than 700,000 affiliated composers, songwriters and music publishers to a wide variety of music users, including radio broadcasting stations.

4.     Respondent Liberman is a Spanish-language broadcasting company with its headquarters at 1845 Empire Avenue, Burbank, CA 91504.  Liberman owns multiple commercial radio and television stations operating in various markets in the United States.  The radio stations are the subject of this proceeding.

## Jurisdiction

5.     Jurisdiction is proper in this Court pursuant to the Court's rate-setting authority under Article XIV of the BMI Consent Decree.  *United States v. Broadcast Music, Inc.*, 1966 Trade Cas. (CCH) ¶ 71,941 (S.D.N.Y. 1966), *as amended by* 1996-1 Trade Cas. (CCH) ¶ 71,378 (S.D.N.Y. 1994) (the "BMI Consent Decree").

6.     Pursuant to Article XIV(A) of the BMI Consent Decree, the Court has jurisdiction over the instant petition because (i) Applicant has made an application for licenses pursuant to Article XIV(A) of the BMI Consent Decree; (ii) BMI has advised Applicant of the fee it deemed reasonable for the licenses requested; and (iii) Applicant and BMI cannot reach an agreement on fees and other terms for the licenses requested and BMI therefore seeks the intervention of this Court.

7.     Venue is proper in this district as a result of the express consent of the Applicant

in applying for a license pursuant to Article XIV of the BMI Consent Decree.

## Background

8. Historically, commercial radio station owners have been represented in music licensing matters with BMI by an industry-wide radio committee known as the Radio Music License Committee ("RMLC"). The RMLC is a committee of volunteers who act on behalf of the radio industry to negotiate (and at times litigate) music license fees with BMI. Now, as in the past, most of the radio stations operating in the United States (except for a sub-set represented by the National Religious Broadcasters Music License Committee) have either expressly authorized the RMLC to negotiate on their behalf or contractually agreed with BMI to be bound by the licenses that were negotiated between BMI and the RMLC.

9. Today, and in periods prior to 2007, Liberman is and was no exception. The current BMI radio station music license agreement was agreed between BMI and the RMLC and ratified by this Court on August 28, 2012. It set the BMI license fees for the commercial radio industry for the period 2010 through 2016, and Liberman agreed to be bound and is currently operating pursuant to that license.

10. Liberman has also agreed to RMLC-negotiated BMI licenses in the past. For example, in 2002 BMI and the RMLC agreed to a final radio music license for the period 2001 through 2006. Liberman agreed to and operated pursuant to that license as well.

11. This case is about the three-year period between those two licenses: 2007 through 2009. For that period, BMI and the RMLC also negotiated and agreed upon fees and other license terms that covered its usual large group of constituent stations and other stations that agreed to be bound by RMLC-negotiated licenses (the "BMI 2007-2009 Radio License"). In contrast to the prior decade and the current day, however, Liberman would not agree to terms

accepted by the rest of the industry.

12. Instead, Liberman applied to BMI by letter dated February 1, 2007 for a music performance rights license for the 2007 through 2009 period pursuant to Section XIV(A) of the Consent Decree for its commercial broadcast radio stations. BMI and Liberman have attempted to reach agreement on reasonable license fees for this period, but have been unsuccessful.

13. In particular, BMI considers the Liberman radio stations to be similarly situated to the thousands of other commercial radio stations that operated pursuant to the BMI 2007-2009 Radio License and paid the license fees as specified in that agreement. BMI is unaware of differentials based upon applicable business factors which justify different rates or terms for the Liberman stations.

14. For example, the Liberman stations operate using a typical commercial radio business model in several large radio markets in the United States. They also have formats – based on the type of music that they play – that are consistent with formats of other commercial radio stations in the United States.

## Reasonable Fees

15. As part of the BMI 2007-2009 Radio License, BMI and the RMLC agreed to a flat industry-wide fee for the universe of RMLC stations. The RMLC then used an allocation formula to determine the portion of the industry-wide fee that would be paid by each station, taking into account factors such as the market in which each station operated and the size of each station's audience.

16. As discussed above, the Liberman stations had previously agreed to RMLC-negotiated licenses, and BMI considers the Liberman stations to be similarly situated to the rest of the commercial radio industry. Accordingly, the RMLC allocated a portion of the industry-

wide fee to the Liberman stations, and BMI proposed that amount as a reasonable music license fee for those stations. Liberman did not accept BMI's proposal, however, and made lower, unilaterally determined interim license fee payments to BMI for the 2007 through 2009 period instead.

17. BMI respectfully submits that the reasonable music license fees for the Liberman stations for the 2007 through 2009 period are the fees determined by the allocation formula used by the thousands of other commercial radio stations that agreed to the RMLC license for that period.

**Relief Requested**

18. WHEREFORE, BMI respectfully requests that pursuant to Section XIV(A) of the BMI Consent Decree, the Court (a) determine that the final license fees for public performances of BMI music by Liberman radio stations for the period January 1, 2007 and continuing until December 31, 2009 proposed by BMI to Liberman are reasonable and direct Liberman to pay such fees to BMI, and (b) grant BMI such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 28, 2016

HUGHES HUBBARD & REED LLP


By: /s/ *James C. Fitzpatrick*
        James C. Fitzpatrick
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
james.fitzpatrick@hugheshubbard.com

    – and –

Hope Lloyd
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 220-3000

Attorneys for Petitioner Broadcast Music, Inc.